**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4074**

_____

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

> v.

GARY ROCKY JONES,

> Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell III, Chief District Judge.  (1:20-cr-00283-GLR-1)

_____

Submitted:  May 20, 2026                           Decided:  July 28, 2026

_____

Before KING and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant.  Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, M.J. Kirsch Muñoz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the District of Maryland, defendant Gary Rocky Jones challenges his February 2025 criminal judgment of conviction. *See United States v. Jones*, No. 1:20-cr-00283 (D. Md. Feb. 3, 2025), ECF No. 234 (the "Criminal Judgment"). Following a 10-day trial in Baltimore in September of 2023 — at which Jones was not physically present due to several prior disruptive courtroom outbursts during the court proceedings, threats that had been made by Jones toward the presiding district judge, and Jones' repeated refusal to take medication for diabetes[*] — Jones was convicted by the jury of 27 counts of child exploitation, in contravention of 18 U.S.C. § 2251(a); 15 counts of coercion and enticement, in violation of 18 U.S.C. § 2422(b); one count of distribution of child pornography, in contravention of 18 U.S.C. § 2252(a)(2); two counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and one count of commission of a felony crime involving a minor by a registered sex offender, in contravention of 18 U.S.C. § 2260A. At the sentencing in December 2024, the district court resolved to impose on Jones a total term of imprisonment of life plus 10 years.

On appeal, Jones maintains the district court made several fatal errors related to the jury trial proceedings of September 2023. Specifically, Jones maintains that three separate

---

[*] For instance, when the district judge denied Jones's request to represent himself on the first day of the trial, Jones remarked: "N*gga, you's crazy." *See* J.A. 60-62 (citation modified). Later that day, after the judge had explicitly and repeatedly warned Jones that future refusals to take his diabetes medication would result in a waiver of the right to be present in the courtroom for the trial, Jones — while being removed from the courtroom for disruptive behavior — made the following threat of violence toward the judge: "You lucky I can't get out of this chair . . . [b]ecause I'll bust you upside your head." *Id.* at 83.

Sixth Amendment violations occurred at the September 2023 trial: (1) that he was deprived of his right to counsel; (2) that he was deprived of his right to confront his accusers at trial; and (3) that he was otherwise deprived of his right to self-representation at trial.

As to Jones's first and second appellate contentions, our review is pursuant to the deferential abuse-of-discretion standard. *See, e.g.*, *United States v. Muslim*, 944 F.3d 154, 160 (4th Cir. 2019) (recognizing that district court's decision to proceed with trial in defendant's absence is reviewed for abuse of discretion, with any factual findings reviewed for clear error); *id.* at 165 (specifying that district court's denial of motion to withdraw as counsel is reviewed for abuse of discretion). Meanwhile, as to Jones's third appellate contention, we review that issue de novo, with a district court's "findings of historical fact [reviewed] for clear error." *See, e.g.*, *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005) ("We review a district court's denial of a defendant's right to self-representation de novo."). To that end, as our Court has observed, if a "trial has begun with counsel, the decision whether to allow the defendant to proceed *pro se* rests in the sound discretion of the trial court." *See United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997).

In these circumstances, having carefully assessed the record on appeal — as well as the various appellate submissions of the parties — we discern no reversible error. Rather, we are of opinion that the well-seasoned district judge carefully, thoroughly, and patiently analyzed the various contentions interposed by both Jones and his lawyers, and that the court properly assessed and disposed of each of them on sound and legally correct bases.

3

\* \* \*

Pursuant to the foregoing, we are satisfied to reject each of Jones's appellate contentions and affirm the Criminal Judgment. Furthermore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and because an argument would not aid the decisional process.

*AFFIRMED*